UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MICHAEL SANDERS and<br>ANNE SANDERS<br>       Plaintiffs,<br><br>v.<br><br>THE RENTAL SOURCE, INC.<br><br>       Defendant. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 2:14-CV-00188<br>)<br>)   JURY DEMAND<br>)<br>) |

## COMPLAINT FOR DAMAGES

The plaintiffs, Michael Sanders and Anne Sanders, through counsel, state the following claims and causes of action.

## PARTIES

I.

Michael Sanders ("Mr. Sanders") is a legal resident of the State of North Carolina.

II.

Anne Sanders ("Mrs. Sanders") is the wife of Michael Sanders and is a resident of the State of South Carolina.

III.

The Rental Source, Inc. ("RSI") is a Georgia corporation with its principal place of business located at 1115 U.S. Highway 76 East, Hiawassee, Georgia 30546. It may

be served with process by service upon its registered agent, Stephanie W. McConnell, P.C., at 231 Chatuge Way, Hiawassee, Georgia 30546-3433.

## JURISDICTION AND VENUE

IV.

This court has subject matter jurisdiction over the subject matter of the complaint, pursuant to 28 U.S.C. §1332 and venue is appropriate pursuant to 28 U.S.C. § 1391. Plaintiffs' injuries, claims and causes of action arise out of Mr. Sanders' rental of a Kubota tractor from RSI in Hiawassee, Georgia.

## FACTUAL ALLEGATIONS

V.

Mr. and Mrs. Sanders own property and reside in Warne, North Carolina. On or about June 28, 2013, Mr. Sanders transacted business with RSI and arranged to rent a Kubota BX 2500 tractor equipped with a front end loader and backhoe for use at the Sanders' property in Warne, North Carolina.

VI.

On or about June 28, 2013, RSI selected the tractor and arranged for an employee or agent of RSI to load and deliver the tractor to Mr. and Mrs. Sanders' residence in Warne, North Carolina. RSI's employee or agent unloaded the tractor from the trailer that was used to transport it.

VII.

On June 29, 2013, while Mr. Sanders was using the tractor for the purpose for which it was intended, the brakes failed on the tractor during Mr. Sanders' foreseeable use of the tractor.  Mr. Sanders was on a significant downhill grade when the brakes failed. In an effort to attempt to control the tractor, Mr. Sanders turned the tractor and was thrown from the tractor striking his head and sustaining serious bodily injuries and was unconscious for a significant period of time.  Mrs. Sanders heard the incident and rushed to aid Mr. Sanders.  When she arrived, she observed Mr. Sanders lying facedown on the ground and from his appearance believed that he was dead.

VIII.

Mrs. Sanders called 911 for emergency medical assistance. Mr. Sanders eventually retained consciousness.  While Mr. and Mrs. Sanders waited for emergency personnel to arrive, Mr. Sanders was experiencing severe consequences from his injuries and began to vomit after he regained consciousness.

IX.

Emergency responders arrived at the scene and attended to Mr. Sanders.  Mr. Sanders was transported to Union General Hospital in Blairsville, Georgia where he was evaluated and it was determined that he had sustained serious injuries and needed to be transported by air to Erlanger Medical Center in Chattanooga, Tennessee for treatment of his head and other injuries.

X.

Mr. Sanders was transported to Erlanger Medical Center and admitted. Mrs. Sanders had to make arrangements to drive from their residence in North Carolina to Chattanooga, Tennessee. She arrived at Erlanger Medical Center later that day.

XI.

Mr. Sanders remained in the hospital for a day and was examined. He was then released to follow up with his physicians and medical providers. Mr. Sanders has subsequently been seen by various medical professionals for treatment and for the consequences of his injuries, including his traumatic brain injury.

XII.

Mr. and Mrs. Sanders have incurred significant expenses, including medical expenses, for treatment of Mr. Sanders' injuries as a result of the incident.

**FIRST CAUSE OF ACTION-NEGLIGENCE**

XIII.

The plaintiffs adopt and restate each allegation contained in Paragraphs I through XII.

XIV.

Upon information and belief, RSI negligently failed to maintain the Kubota tractor in a safe and proper operating condition. As a proximate result of RSI's negligence, Mr. Sanders sustained serious injuries and Mr. and Mrs. Sanders have suffered damages.

**SECOND CAUSE OF ACTION-FAILURE TO WARN**

XV.

Plaintiffs adopt and restate Paragraphs 1 through XIV.

XVI.

RSI knew or should have known that the brakes on the tractor were not properly maintained and operational and that the use of the tractor by a renter such as Mr. Sanders would be unreasonably dangerous. RSI had a duty and failed to exercise its duty to adequately warn Mr. Sanders of the condition of its tractor. As a proximate result of RSI's failure to warn, Mr. Sanders sustained serious injuries and Mr. and Mrs. Sanders have suffered damages.

## THIRD CAUSE OF ACTION- BREACH OF RENTAL AGREEMENT

XVII.

Plaintiffs adopt and restate Paragraphs 1 through XVI.

XVIII.

RSI breached express and implied agreements set forth in the rental agreement it made with Michael Sanders. As a proximate result of RSI's breach of the rental contract, Mr. Sanders sustained serious injuries and Mr. and Mrs. Sanders have been damaged.

## FOURTH CAUSE OF ACTION- GROSS NEGLIGENCE AND RECKLESSNESS

XIX.

Plaintiffs adopt and restate Paragraphs 1 through XVIII.

XX.

RSI's conduct and failure to warn was reckless and grossly negligent. As a result of RSI's reckless conduct and gross negligence, Mr. Sanders sustained serious injuries and Mr. and Mrs. Sanders have suffered damages.

**DAMAGES**

XXI.

Plaintiffs adopt and restate Paragraphs 1 through XX.

XXII.

As a result of RSI's negligence, failure to warn, breach of rental agreement and reckless conduct and gross negligence, Mr. and Mrs. Sanders have suffered the following categories of damages to which they are entitled to be compensated under law:

a. Past medical expenses

b. Future medical expenses

c. Travel and other incidental expenses

d. Mr. Sanders' personal injuries, pain and suffering, emotional distress, loss of enjoyment of life and permanent impairment

e. Mrs. Sanders' emotional distress and loss of love, society and companionship with Mr. Sanders.

## PRAYER AND RELIEF

### XXIII.

WHEREFORE, Mr. and Mrs. Sanders respectfully request the following:

a. That proper process issue and be served upon RSI's registered agent, requiring it to appear and answer within the time provided by law.

b. For a trial by jury on all issues and for the jury to be charged after receipt of all relevant evidence on the appropriate categories of compensatory damages that can be awarded and that the plaintiffs recover all compensatory damages allowed by law.

c. For the jury to be charged after receipt of all relevant evidence on its right to award punitive damages and that the plaintiffs recover all punitive damages allowed by law to punish the conduct of RSI and to deter other similar conduct.

d. For the recovery of all costs and expenses of the litigation allowed by law.

e. For such other and further relief to which Mr. and Mrs. Sanders may be entitled under law.

Respectfully submitted,

PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.

By: *[signature]*

Michael A. Anderson, GA BAR # 017740
*Attorneys for Plaintiffs*
537 Market Street, Suite 202
Chattanooga, TN 37402
Telephone: (423) 756-7117
Facsimile: (423) 267-5032

PLAINTIFFS RESPECTFULLY REQUEST A JURY TO TRY THE ISSUES WHEN JOINED.

By: *[signature]*

Michael A. Anderson